**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4364

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARAMY ALLEN ADKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:05-cr-00167-JRG)

Submitted:  September 27, 2006          Decided:  October 23, 2006

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jaramy Allen Adkins appeals his sentence to 130 months in prison and three years of supervised release after pleading guilty to carjacking, in violation of 18 U.S.C. § 2119(1) (2000), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). On appeal, Adkins contends the district court erred in ruling that he discharged the firearm "during and in relation to" the carjacking and applying the ten-year statutory minimum sentence on count two under 18 U.S.C. § 924(c)(1)(A)(iii). We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). An error of law or fact can render the sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In considering whether a sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Adkins does not dispute that he discharged the firearm while escaping with the carjacked vehicle by firing shots back at a pursuing vehicle approximately three and one-half minutes after carjacking the vehicle from its owner. However, he contends that

because the carjacking was complete before he fired the gun, he did not discharge the weapon "during" the carjacking.

We conclude the district court did not err in ruling the carjacking was still ongoing under the facts and circumstances of this case for purposes of determining whether Adkins discharged the firearm during and in relation to a crime of violence. See United States v. Williams, 344 F.3d 365, 373-76 (3d Cir. 2003) (defendant who carried a gun in the getaway car after completing a bank robbery carried a firearm "during" and in relation to the crime of bank robbery under 18 U.S.C. § 924(c)); see also United States v. Martinez-Bermudez, 387 F.3d 98, 102 (1st Cir. 2004) (carjacking was still in progress during flight with carjacked vehicle prior to reaching temporary safety for purposes of determining whether death occurred in perpetration of carjacking).

Accordingly, we affirm Adkins's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED