**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4532**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARTHUR JERMAIN SIMMONS, a/k/a Melvin Davis, a/k/a Arthur
Germain Simmons, a/k/a Arthur Germaine Simmons, a/k/a Arther
Simmons, a/k/a Arthur German Simmons, a/k/a Arthur Jermaine
Simmons,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, Senior
District Judge. (2:08-cr-00688-PMD-1)

———————

Submitted: March 13, 2012        Decided: March 29, 2012

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher R. Antley, DEVLIN & PARKINSON, P.A., Greenville,
South Carolina, for Appellant. Sean Kittrell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Jermain Simmons appeals the 180-month aggregate sentence imposed on him at resentencing after he pled guilty to armed bank robbery ("Count Two"), in violation of 18 U.S.C. § 2113(a), (d) (2006), using and carrying a firearm during and in relation to a crime of violence ("Count Three"), in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm and ammunition by a felon ("Count Four"), in violation of 18 U.S.C. § 922(g)(1) (2006). Simmons' counsel has filed a brief[*] pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he has divined no meritorious grounds for appeal but requesting that we review three potential areas of error: (1) whether it was improper to deny Simmons' motion to withdraw his guilty plea to Count Three; (2) whether the district court failed to adequately explain its selected sentence; and (3) whether Simmons' sentence is both procedurally and substantively unreasonable because the district court continued to assess him as a career offender, notwithstanding this court's holding to the contrary in Simmons' previous direct appeal. Having reviewed the record, we affirm the judgment of the district court.

---

[*] Simmons was informed of his right to file a supplemental brief but elected not to do so.

2

First, we conclude that the district court did not abuse its discretion in denying Simmons' motion to withdraw his guilty plea to Count Three. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review). "A defendant has no absolute right to withdraw a guilty plea," United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted), but instead bears the burden of showing a "fair and just reason" for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). See also United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (describing several factors that should inform a district court's determination whether to allow a defendant to withdraw a guilty plea).

Here, although Simmons argues that he is legally innocent of the offense charged in Count Three because the gun remained in his van during the bank robbery, we cannot agree. See 18 U.S.C. § 924(c)(1)(A) (criminalizing anyone who "uses," "carries," or "possesses" a firearm "during and in relation to any crime of violence"); Muscarello v. United States, 524 U.S. 125, 127 (1998) (someone who knowingly possesses and conveys firearms in a vehicle "carries" a firearm for purposes of § 924(c)); United States v. McCaskill, 676 F.2d 995, 1000 (4th Cir. 1982) (noting that flight is a part of a robbery offense). Accord United States v. Williams, 344 F.3d 365, 372-73 (3d Cir.

3

2003) (collecting cases and upholding a § 924(c) conviction where the defendant bank robber carried the gun only in his car, not into the bank); United States v. Adkins, 203 F. App'x 472, 473-74 (4th Cir. Oct. 23, 2006) (defendant used weapon "during" a carjacking when firing shots while escaping). Because there is no other reason to believe that Simmons' plea was defective, it was no abuse of discretion for the district court to deny Simmons' motion to withdraw it.

As for Simmons' sentence, we review it for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Although counsel suggests that Simmons' sentence was not adequately explained by the district court, see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009), the district court's explanation "need not be elaborate or lengthy." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). Nor must the district court "robotically tick through § 3553(a)'s every subsection"; it must only provide "some indication" that it considered the § 3553(a) factors with respect to the defendant before it and also considered any nonfrivolous arguments raised by the parties at sentencing. United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). Our review of the record in this case convinces us that the district court's explanation is sufficient to allow for "'meaningful appellate review,'" Carter, 564 F.3d

at 330 (quoting Gall, 552 U.S. at 50), such that we need "not guess at the district court's rationale." Id. at 329. We therefore decline to find the sentence imposed upon Simmons procedurally unreasonable in this regard.

Moreover, we reject Simmons' suggestion that his sentence is both procedurally and substantively unreasonable because the district court enhanced his sentence upon its conclusion that Simmons was a career recidivist, despite the fact that Simmons was not technically a career offender under the Guidelines. When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, the appellate court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. Thus, even if we could have reasonably reached a different sentencing result than that arrived at by the district court, "this fact alone is 'insufficient to justify reversal of the district court.'" United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

Here, even if the district court failed to employ the proper incremental analysis in determining an appropriate degree of departure, see United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007), any such procedural error is harmless where "the upward variance based on the § 3553(a) factors justifie[s] the sentence imposed." United States v. Rivera-Santana, 668 F.3d 95, 104 (4th Cir. 2012). Our review of the record persuades us that the district court's analysis of the § 3553(a) factors as they applied to Simmons' case is adequate to support the upward variant sentence ultimately imposed. See id.; United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008). We are likewise convinced that the district court's sentencing determinations were otherwise substantively reasonable and should therefore remain undisturbed. See Evans, 526 F.3d at 160; see also United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Simmons, in writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

6

representation.  Counsel's motion must state that a copy thereof was served on Simmons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>